FILED
DEC - 9 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JOAN HUSKINS, as personal representative of the ESTATE OF PHILIP GOLDSTEIN,**

Case No.:

Plaintiff,

v.

**UNITED STATES of AMERICA,**

Defendant.

______________________________/

**COMPLAINT BY JOAN HUSKINS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PHILIP GOLDSTEIN, PLAINTIFF, TO RECOVER TAX DEPOSITS FROM UNITED STATES OF AMERICA, DEFENDANT**

PLAINTIFF, JOAN HUSKINS, as personal representative of the ESTATE OF PHILIP GOLDSTEIN, hereby sues DEFENDANT, UNITED STATES of AMERICA, and states as follows:

**Parties**

1. PLAINTIFF JOAN HUSKINS is the personal representative of the ESTATE OF PHILIP GOLDSTEIN (the "ESTATE"), as evidenced by Letters of Administration. PLAINTIFF is a resident of Fairfield County, Connecticut. The taxpayer identification number of the ESTATE is 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V.

2. DEFENDANT is the UNITED STATES OF AMERICA.

**Jurisdiction**

3. This is an action for recovery of a tax deposit. Jurisdiction is vested in this Court under 28 U.S.C. § 1491. *New York Life Insurance Company,* 118 F. 3d 1553 (Fed. Cir. 1997).

**Background Allegations**

4. Philip Goldstein (the "decedent") died on September 22, 1998.

5. On May 5, 2000, PLAINTIFF, through her attorney, Mark S. Hamburgh, remitted to Defendant's agency, the Internal Revenue Service ("IRS") in New York, New York, a tax deposit in the amount of $165,000.00 to be applied to pay any federal estate tax that is determined to be owed by the ESTATE. (EXHIBIT "A").

6. The ESTATE did not owe any federal estate tax. On November 2, 2004, PLAINTIFF filed the ESTATE'S United States Estate Tax Return, Form 706, with the IRS in Cincinnati, Ohio, showing a estate tax due in the amount of $0.00. PLAINTIFF simultaneously demanded the return of the $165,000 previously remitted. (EXHIBIT "B").

7. The IRS erroneously treated PLAINTIFF'S deposit as a payment of tax, and PLAINTIFF'S demand for the return of the same as a claim for refund of tax. By letter dated August 29, 2005, the IRS advised PLAINTIFF that it refused to return her deposit on the grounds that her "claim for refund" was postmarked more than three (3) years after the due date of the federal estate tax return, plus any extensions. (EXHIBIT "C").

8. PLAINTIFF did not, at any time, convert, or authorize the IRS to convert, the tax deposit into a payment of tax.

**Claim to Recover Deposits**

PLAINTIFF realleges paragraphs 1-8 as if set forth in full herein.

9. Unless and until there is an assessment of the estate tax, any remittance of said estate tax constitutes a deposit in the nature of a cash bond that must be returned to the taxpayer upon demand therefor.

10. The IRS accepted the federal estate tax return as filed and did not determine or assess any estate tax liability against the ESTATE. Accordingly, the tax deposit was not, and by law could not have been, converted to a payment of tax.

11. The statute of limitations applicable to claims for refund under section 6511(a), Title 26, United States Code, does not apply to the demand for the return of a tax deposit.

12. PLAINTIFF is entitled to the return of her $165,000.00 deposit, together with interest from and after November 2, 2004.

**WHEREFORE,** PLAINTIFF JOAN HUSKINS, as personal representative of the ESTATE OF PHILIP GOLDSTEIN, requests that this Court order the IRS to return the tax deposit in the amount of $165,000.00 (or, alternatively, to award damages to PLAINTIFF in the amount of $165,000.00), together with interest from and after November 2, 2004, the date when the PLAINTIFF demanded the return of the tax deposit.

Dated: December 5, 2005.

Respectfully submitted,

**RUDEN, McCLOSKY, SMITH**
**SCHUSTER & RUSSELL, P.A.**
Attorneys for Plaintiff
200 East Broward Boulevard, 15th floor (33301)
Post Office Box 1900
Fort Lauderdale, Florida 33302

By: ______________________
Glen A. Stankee, Esquire
Direct Telephone: (954)761-2907
Direct Facsimile: (954) 333-4107

MARK S. HAMBURGH
Attorney at Law

12 East 41st Street
Sixth Floor
New York, NY 10017-6221
Telephone (212) 687-1095
FAX (212) 557-8157
E-Mail: mark.hamburgh@prodigy.net

May 5, 2000

BY HAND TO 110 WEST 44TH STREET, NEW YORK, NY

ATT: Martin Bassin,
Estate and Gift Tax
Internal Revenue Service
7850 S.W. 6th Court
Room 345
Plantation, FL 33324

RECEIVED
MAY 0 5 2000
INTERNAL REVENUE SERVICE

Re: Philip Goldstein
SS# 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
DOD: 9/22/98
Domicile: 10255 Lombardy Drive
Tamarac, FL 33321 (Broward County)

Dear Mr. Bassin:

In accordance with our telephone conversation on April 13, 2000, I attach my Attorney IOLA Account check No. 1229, payable to the United States Treasury, in the amount of $165,000. This payment is to be applied to the estate tax on the estate of the above-named decedent.

The Form 706 has as yet not been filed.

Thank you for your assistance.

Very truly yours,

MARK S. HAMBURGH

MSH/hs
Encl.
cc: Kenneth Zahler
Linda Turcotte
Richard Goldstone, Esq.
C:\OFFICE\WPWIN\WPDOCS\GoldsteinPhilip\Estatetax-federal\IRSlt5-5-00.wpd

**EXHIBIT A**

MARK S. HAMBURGH
ATTORNEY IOLA ACCOUNT
12 EAST 41ST STREET 6TH FLOOR
NEW YORK, NY 10017
(212) 687-1095

THE CHASE
MANHATTAN BANK, N.A.
NEW YORK CITY, NY 10081
1-2/210

1229

May 5, 2000

PAY TO THE ORDER OF United States Treasury $ 165,000 xx/100

One hundred sixty-five thousand xx/100 DOLLARS

RECEIVED WITH REMITTANCE ONE-STOP

MAY 05 2000 S.B. DIV

INTERNAL REVENUE SERVICE MANHATTAN DISTRICT MIDTOWN 23

MEMO Estate tax Philip Goldstein SS# 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

Mark S. Hamburgh

⑈001229⑈ ⑆021000021⑆ 007 1 336077⑈

MARK S. HAMBURGH
ATTORNEY IOLA ACCOUNT
12 EAST 41ST STREET 8TH FLOOR
NEW YORK, NY 10017
(212) 687-1095

THE CHASE MANHATTAN BANK, N.A.
NEW YORK CITY, NY 10081
1-2/210

1229

May 5, 2000

PAY TO THE ORDER OF United States Treasury $ 165,000 xx/100

One hundred sixty-five thousand and xx/100 DOLLARS

Security features included. Details on back.

MEMO Estate tax Philip Goldstein SS# 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

Mark S. Hamburgh

⑈001229⑈ ⑆021000021⑆ 007 1 336077⑈ ⑈0016500000⑈

GOLD1951713200101067052058018117
000000 05052000

0238544476002
05110

021000021
05/11/00
14446628

THE 021000018
BANK OF 1 ESSEX ST,
NEW YORK NJ 05/11/00
19543000

Form **706** (Rev. July 1998) Department of the Treasury Internal Revenue Service

# United St[illegible] Estate (and Generation-Skippi[illegible]nsfer) Tax Return

**Estate of a citizen or resident of the United States (see separate instructions). To be filed for decedents dying after December 31, 1997, and before January 1, 1999.**
**For Paperwork Reduction Act Notice, see page 1 of the separate instructions.**

OMB No. 1545-0015

**Part 1 Decedent and Executor**

| | | | |
|---|---|---|---|
| 1a Decedent's first name and middle initial (and maiden name, if any): Philip | 1b Decedent's last name: Goldstein | | 2 Decedent's social security no.: 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 |
| 3a Legal residence (domicile) at time of death (county, state, and ZIP code, or foreign country): Broward County, Florida | 3b Year domicile established: 1997 | 4 Date of birth: 01/21/1914 | 5 Date of death: 09/22/1998 |
| 6a Name of executor (see page 2 of the instructions): Joan Huskins | 6b Executor's address (number and street including apartment or suite no. or rural route; city, town, or post office; state; and ZIP code): c/o Hamburgh, 450 7th Ave, Ste 1308 New York, NY 10123 | | |
| 6c Executor's social security number (see page 2 of the instructions): 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 | | | |
| 7a Name and location of court where will was probated or estate administered: Broward County Circuit Court | | | 7b Case number: 99007359 |

8 If decedent died testate, check here ▶ ☒ and attach a certified copy of the will. 9 If Form 4768 is attached, check here ▶ ☐

10 If Schedule R-1 is attached, check here ▶ ☐

**Part 2 Tax Computation**

| Line | Description | | | Line | Amount |
|---|---|---|---|---|---|
| 1 | Total gross estate less exclusion (from Part 5, Recapitulation, page 3, item 12) | | | 1 | 774,506 |
| 2 | Total allowable deductions (from Part 5, Recapitulation, page 3, item 23) | | | 2 | 138,380 |
| 3 | Taxable estate (subtract line 2 from line 1) | | | 3 | 636,126 |
| 4 | Adjusted taxable gifts (total taxable gifts (within the meaning of section 2503) made by the decedent after December 31, 1976, other than gifts that are includible in decedent's gross estate (section 2001(b))) | | | 4 | 0 |
| 5 | Add lines 3 and 4 | | | 5 | 636,126 |
| 6 | Tentative tax on the amount on line 5 from Table A on page 10 of the instructions | | | 6 | 206,167 |
| 7a | If line 5 exceeds $10,000,000, enter the lesser of line 5 or $17,184,000. If line 5 is $10,000,000 or less, skip lines 7a and 7b and enter -0- on line 7c. | 7a | | | |
| b | Subtract $10,000,000 from line 7a | 7b | | | |
| c | Enter 5% (.05) of line 7b | | | 7c | 0 |
| 8 | Total tentative tax (add lines 6 and 7c) | | | 8 | 206,167 |
| 9 | Total gift tax payable with respect to gifts made by the decedent after December 31, 1976. Include gift taxes by the decedent's spouse for such spouse's share of split gifts (section 2513) only if the decedent was the donor of these gifts and they are includible in the decedent's gross estate (see instructions) | | | 9 | 0 |
| 10 | Gross estate tax (subtract line 9 from line 8) | | | 10 | 206,167 |
| 11 | Maximum unified credit against estate tax | 11 | 202,050 | | |
| 12 | Adjustment to unified credit. (This adjustment may not exceed $6,000. See page 7 of the instructions.) | 12 | 0 | | |
| 13 | Allowable unified credit (subtract line 12 from line 11) | | | 13 | 202,050 |
| 14 | Subtract line 13 from line 10 (but do not enter less than zero) | | | 14 | 4,117 |
| 15 | Credit for state death taxes. Do not enter more than line 14. Figure the credit by using the amount on line 3 less $60,000. See Table B in the instructions and **attach credit evidence** (see instructions) | | | 15 | 4,117 |
| 16 | Subtract line 15 from line 14 | | | 16 | 0 |
| 17 | Credit for Federal gift taxes on pre-1977 gifts (sec. 2012)(attach computation) | 17 | | | |
| 18 | Credit for foreign death taxes (from Schedule(s) P). (Attach Form(s) 706CE) | 18 | | | |
| 19 | Credit for tax on prior transfers (from Schedule Q) | 19 | | | |
| 20 | Total (add lines 17, 18, and 19) | | | 20 | 0 |
| 21 | Net estate tax (subtract line 20 from line 16) | | | 21 | 0 |
| 22 | Generation-skipping transfer taxes (from Schedule R, Part 2, line 10) | | | 22 | 0 |
| 23 | Total transfer taxes (add lines 21 and 22) | | | 23 | 0 |
| 24 | Prior payments. Explain in an attached statement | 24 | 165,000 | | |
| 25 | United States Treasury bonds redeemed in payment of estate tax | 25 | | | |
| 26 | Total (add lines 24 and 25) | | | 26 | 165,000 |
| 27 | Balance due (or overpayment) (subtract line 26 from line 23) | | | 27 | -165,000 |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer other than the executor is based on all information of which preparer has any knowledge.

X [signature] 11/2/[illegible]

Signature(s) of executor(s) Date

[signature] 450 Seventh Avenue, Suite 1308 New York NY 10123 11/1/04

Signature of preparer other than executor Address (and ZIP code) Date

DIA

**EXHIBIT B**

Form 706 (Rev. 7-98)

Estate of: Philip Goldstein 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

## Part 3.—Elections by the Executor

| Please check the "Yes" or "No" box for each question. (See instructions beginning on page 3.) | Yes | No |
|---|---|---|
| 1 Do you elect alternate valuation? | | X |
| 2 Do you elect special use valuation? If "Yes," you must complete and attach Schedule A-1. | | X |
| 3 Do you elect to pay the taxes in installments as described in section 6166? If "Yes," you must attach the additional information described on page 5 of the instructions. | | X |
| 4 Do you elect to postpone the part of the taxes attributable to a reversionary or remainder interest as described in section 6163? | | X |

## Part 4.—General Information

(Note: Please attach the necessary supplemental documents. **You must attach the death certificate.**) (See instructions beginning on page 6.)

Authorization to receive confidential tax information under Regulations section 601.504(b)(2)(i), to act as the estate's representative before the Internal Revenue Service, and to make written or oral presentations on behalf of the estate if return prepared by an attorney, accountant, or enrolled agent for the executor:

| Name of representative (print or type) | State | Address (number, street, and room or suite no., city, state, and ZIP code) |
|---|---|---|
| Mark S. Hamburgh | NY | 450 7th Ave, Ste. 1308, NY,NY 10123 |

I declare that I am the ☒ attorney/ ☐ certified public accountant/ ☐ enrolled agent (you must check the applicable box) for the executor and prepared this return for the executor. I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

| Signature | CAF number | Date | Telephone number |
|---|---|---|---|
| Mark S. Hamburgh | 2005-08218R | 11/1/04 | 212-947-0565 |

1 Death certificate number and issuing authority (attach a copy of the death certificate to this return).
13198067292 New York State Department of Health

2 Decedent's business or occupation. If retired, check here ▶ ☒ and state decedent's former business or occupation.
Men's clothier

3 Marital status of the decedent at time of death:

☐ Married
☒ Widow or widower—Name, SSN and date of death of deceased spouse ▶ Solange Goldstein
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 DOD: 11/26/96
☐ Single
☐ Legally separated
☐ Divorced—Date divorce decree became final ▶

| 4a Surviving spouse's name | 4b Social security number | 4c Amount received (see page 6 of the instructions) |
|---|---|---|
| | | |

5 Individuals (other than the surviving spouse), trusts, or other estates who receive benefits from the estate (do not include charitable beneficiaries shown in Schedule O)(see instructions). For Privacy Act Notice (applicable to individual beneficiaries only), see the instructions for Form 1040.

| Name of individual, trust, or estate receiving $5,000 or more | Identifying number | Relationship to decedent | Amount (see instructions) |
|---|---|---|---|
| Philip Goldstein Revocable Tru | 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 | Trust | 337,927 |
| All unascertainable beneficiaries and those who receive less than $5,000 ▶ | | | |
| Total | | | 337,927 |

| Please check the "Yes" or "No" box for each question. | Yes | No |
|---|---|---|
| 6 Does the gross estate contain any section 2044 property (qualified terminable interest property (QTIP) from a prior gift or estate) (see page 6 of the instructions)? | | X |



(Continued on next page)

Form 706 (Rev. 7-98)

## Part 4.—General Informatio ntinued) Philip Goldstein

Please check the "Yes" or "No" box for each question.

| | Question | Yes | No |
|---|---|---|---|
| 7a | Have Federal gift tax returns ever been filed? If "Yes," please attach copies of the returns, if available, and furnish the following information: | | X |
| 7b | Period(s) covered — 7c Internal Revenue office(s) where filed | | |
| | If you answer "Yes" to any of questions 8-16, you must attach additional information as described in the instructions. | | |
| 8a | Was there any insurance on the decedent's life that is not included on the return as part of the gross estate? | | X |
| b | Did the decedent own any insurance on the life of another that is not included in the gross estate? | | X |
| 9 | Did the decedent at the time of death own any property as a joint tenant with right of survivorship in which (a) one or more of the other joint tenants was someone other than the decedent's spouse, and (b) less than the full value of the property is included on the return as part of the gross estate? If "Yes," you must complete and attach Schedule E | | X |
| 10 | Did the decedent, at the time of death, own any interest in a partnership or unincorporated business or any stock in an inactive or closely held corporation? | | X |
| 11 | Did the decedent make any transfer described in section 2035, 2036, 2037, or 2038 (see the instructions for Schedule G beginning on page 9 of the separate instructions)? If "Yes," you must complete and attach Schedule G | | X |
| 12 | Were there in existence at the time of the decedent's death: | | |
| a | Any trusts created by the decedent during his or her lifetime? | X | |
| b | Any trusts not created by the decedent under which the decedent possessed any power, beneficial interest, or trusteeship? | | X |
| 13 | Did the decedent ever possess, exercise, or release any general power of appointment? If "Yes," you must complete and attach Schedule H | | X |
| 14 | Was the marital deduction computed under the transitional rule of Public Law 97-34, section 403(e)(3) (Economic Recovery Tax Act of 1981)? | | X |
| | If "Yes," attach a separate computation of the marital deduction, enter the amount on item 20 of the Recapitulation, and note on item 20 "computation attached." | | |
| 15 | Was the decedent, immediately before death, receiving an annuity described in the "General" paragraph of the instructions for Schedule I? If "Yes," you must complete and attach Schedule I. | | X |
| 16 | Was the decedent ever the beneficiary of a trust for which a deduction was claimed by the estate of a pre-deceased spouse under section 2056(b)(7) and which is not reported on this return? If "Yes," attach an explanation | | X |

## Part 5.—Recapitulation

| Item number | Gross estate | Alternate value | Value at date of death |
|---|---|---|---|
| 1 | Schedule A-Real Estate | | 302,000 |
| 2 | Schedule B-Stocks and Bonds | | 0 |
| 3 | Schedule C-Mortgages, Notes, and Cash | | 7,616 |
| 4 | Schedule D-Insurance on the Decedent's Life (attach Form(s) 712) | | 3,685 |
| 5 | Schedule E-Jointly Owned Property (attach Form(s) 712 for life insurance) | | 0 |
| 6 | Schedule F-Other Miscellaneous Property (attach Form(s) 712 for life insurance) | | 170,838 |
| 7 | Schedule G-Transfers During Decedent's Life (attach Form(s) 712 for life insurance) | | 290,367 |
| 8 | Schedule H-Powers of Appointment | | 0 |
| 9 | Schedule I-Annuities | | 0 |
| 10 | Total gross estate (add items 1 through 9) | | 774,506 |
| 11 | Schedule U-Qualified Conservation Easement Exclusion | | 0 |
| 12 | Total gross estate less exclusion(subtract item 11 from item 10). Enter here and on line 1 of the Tax Computation | | 774,506 |

| Item number | Deductions | Amount |
|---|---|---|
| 13 | Schedule J-Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims | 125,133 |
| 14 | Schedule K-Debts of the Decedent | 13,247 |
| 15 | Schedule K-Mortgages and Liens | 0 |
| 16 | Total of items 13 through 15 | 138,380 |
| 17 | Allowable amount of deductions from item 16 (see the instructions for item 17 of the Recapitulation) | 138,380 |
| 18 | Schedule L-Net Losses During Administration | 0 |
| 19 | Schedule L-Expenses Incurred in Administering Property Not Subject to Claims | 0 |
| 20 | Schedule M-Bequests, etc., to Surviving Spouse | 0 |
| 21 | Schedule O-Charitable, Public, and Similar Gifts and Bequests | 0 |
| 22 | Schedule T-Qualified Family-Owned Business Interest Deduction | 0 |
| 23 | Total allowable deductions (add items 17 through 22). Enter here and on line 2 of the Tax Computation | 138,380 |

The Estate reserves the right to reallocate administration expenses between the estate tax return and the fiduciary income tax returns.

SUPPORTING DOCUMENTS

Proof of the state death tax credit is hereto annexed as Exhibit A.

A Statement of Prior Payments is hereto annexed as Exhibit B.

The death certificate is hereto annexed as Exhibit C.

A copy of the decedent's Last Will and Testament is hereto annexed as Exhibit D.

A certificate of letters of administration is hereto annexed as Exhibit E.

A copy of The Philip Goldstein Revocable Trust agreement is hereto annexed as Exhibit F.

A Power of Attorney, Form 2848, is hereto annexed as Exhibit G.

Form 706 (Rev. 7-98)

Estate of: Philip Goldstein 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

## SCHEDULE A–Real Estate

- For jointly owned property that must be disclosed on Schedule E, see the instructions on the reverse side of Schedule E.
- Real estate that is part of a sole proprietorship should be shown on Schedule F.
- Real estate that is included in the gross estate under section 2035, 2036, 2037, or 2038 should be shown on Schedule G.
- Real estate that is included in the gross estate under section 2041 should be shown on Schedule H.
- If you elect section 2032A valuation, you must complete Schedule A and Schedule A-1.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | House and lot known as and by street number 10255 Lombardy Drive, Tamarac, Florida (Lombardy replat 155-44B, Lot 6 Cluster H). The house was the residence of the decedent. Value based on appraisal by Lori H. Orozco, a copy of which is hereto annexed as Exhibit H. | | | 137,000 |
| 2 | Condominium unit 3038, located in premises 3038 Mitchell Road, Westhampton Beach, NY, (District 905, Section 011.00, Block 04.00, Lot 038.000 on the tax map of Suffolk County). Value based upon appraisals of John Blarney Appraisals, hereto annexed as Exhibit I. | | | 165,000 |
| 3 | | | | |

Total from continuation schedules or additional sheets attached to this schedule . . . . . . .

TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 1.) . . . . . . . . . . 302,000

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(See the instructions on the reverse side.)

Form 706 (Rev. 7-98)

**Estate of:** Philip Goldstein 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

## SCHEDULE C—Mortgages, Notes, and Cash

(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Suffolk County National Bank, 144 Sunset Avenue, Westhampton Beach, NY, checking A/C# 410043087. See letter from bank, hereto annexed as Exhibit J. | | | 663 |
| 2 | NationsBank, N.A., POB 81019, Tampa, FL 33631-3015, checking A/C# 4903. See statement hereto annexed as Exhibit K. | | | 6,953 |
| 3 | | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 3.) | | | 7,616 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Form 706 (Rev. 7-98)

**Estate of:** Philip Goldstein 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

## SCHEDULE D—Insurance on the Decedent's Life

**You must list all policies on the life of the decedent and attach a Form 712 for each policy.**

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | United States Life Insurance Company, POB 35844, Dallas, TX 75235<br><br>Beneficiaries are Joan Huskins and Linda Turcotte.<br><br>See Form 712, hereto annexed as Exhibit L. | | | 3,685 |
| 2 | | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 4.) | | | 3,685 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Form 706 (Rev. 7-98)

Estate of: Philip Goldstein 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

# SCHEDULE F—Other Miscellaneous Property Not Reportable Under Any Other Schedule

(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)
(If you elect section 2032A valuation, you must complete Schedule F and Schedule A-1.)

| | | Yes | No |
|---|---|---|---|
| 1 | Did the decedent at the time of death own any articles of artistic or collectible value in excess of $3,000 or any collections whose artistic or collectible value combined at date of death exceeded $10,000? If "Yes," submit full details on this schedule and attach appraisals. | | X |
| 2 | Has the decedent's estate, spouse, or any other person, received (or will receive) any bonus or award as a result of the decedent's employment or death? If "Yes," submit full details on this schedule. | | X |
| 3 | Did the decedent at the time of death have, or have access to, a safe deposit box? If "Yes," state location, and if held in joint names of decedent and another, state name and relationship of joint depositor. If any of the contents of the safe deposit box are omitted from the schedules in this return, explain fully why omitted. | | X |

| Item number | Description For securities, give CUSIP number. | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Merrill, Lynch A/C# 680-25R83P, consisting solely of money market funds. See statement as of 9/30/98, hereto annexed as Exhibit M. | | | 405 |
| 2 | Merrill, Lynch A/C# 680-19R34, consisting solely of money market funds. See statement hereto annexed as Exhibit N. | | | 361 |
| 3 | Action for foreclosure of mortgage upon premises 311-319 Audubon Avenue, New York, NY, entitled "Goldstein v. Soledad Place Corp., et al.", in New York State Supreme Court, New York County, Index No. 18642/1990. See addendum hereto attached. | | | 170,072 |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 6.) | | | 170,838 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

Addendum to Schedule F, Item 3

The mortgage was a purchase money first mortgage given to Filgo Bert Realties, Inc., a closed corporation owned 50-50 by the decedent and his brother, Bertram Goldstein. Through a succession of assignments, the decedent came to be the record holder of the note and mortgage.

The principal balance of the mortgage on the date of death was $248,760. Interest through the date of death was in the amount $75,961. See the calculation of interest prepared by the estate's accountant[1] and annexed hereto. In addition, Goldstein was ultimately determined to be entitled to recover attorney's fees in the amount of $15,000 plus costs and disbursements incurred prior to the date of death in the amount of $422.99. The $422.99 consists of the asterisked items on the Calculation of Mortgage Debt annexed to the Stipulation and Consent Order in the action, a copy of which is hereto annexed. Thus, the total amount of the mortgage debt as of the date of death was $340,144.

The mortgage was non-recourse. Therefore, the value of the action was limited to the lesser of the mortgage debt and the value of the subject premises. The value of the subject premises on both the date of death and the alternate valuation date exceeded the amount of the mortgage debt. See the annexed appraisal of Richard Halpern. Thus the value of the action was equal to the amount of the mortgage debt.

Only 50% of the value of the action is property of the Estate. By Stipulation so ordered by the court, decedent's brother, Bertram Goldstein, was adjudicated to possess a 50% beneficial interest in the mortgage and to be entitled to 50% of any amounts recovered through the action or from the mortgage directly. Therefore, the value of the decedent's 50% interest in the action is only one-half of $340,144 – or $170,072.

The following documents are hereto annexed as Exhibit O

Mortgage Note
Mortgage
Calculation of interest
Stipulation and Consent Order
Appraisal of Richard Halpern
Stipulation with Bertram Goldstein

---

[1]The calculation shows interest as of 8/28/98 to be in the amount of $74,257.07. The per diem interest @ 10% per annum was $68.15. For the 25 days between 8/28 and 9/22/98, the per diem interest totaled $1,704. Thus total interest through the date of death was $74,257 + $1,704 = $75,961.

Form 706 (Rev. 7-98)

Estate of: Philip Goldstein 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

## SCHEDULE G—Transfers During Decedent's Life

(If you elect section 2032A valuation, you must complete Schedule G and Schedule A-1.)

| Item number | Description<br>For securities, give CUSIP number. | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| A. | Gift tax paid by the decedent or the estate for all gifts made by the decedent or his or her spouse within 3 years before the decedent's death (section 2035(c)) . . . . . . . . . . . | X X X X X | | |
| B. | Transfers includible under section 2035(a), 2036, 2037, or 2038: | | | |
| 1 | 201 shares, Aetna Capital, LLC, 9.5% gtd. Monthly Income Preferred Securities; NYSE, CUSIP No. 008095200, @ 26 | | | 5,226 |
| 2 | 300 shares American Strategic Income Portfolio, Inc., common; NYSE, CUSIP No. 030098107, @ 12.0625 | | | 3,618 |
| | Total from continuation schedules (or additional sheets) attached to this schedule . . . | | | 281,523 |
| | TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 7.) . . . . . . . . . . . | | | 290,367 |

## SCHEDULE H—Powers of Appointment

(Include "5 and 5 lapsing" powers (section 2041(b)(2)) held by the decedent.)
(If you elect section 2032A valuation, you must complete Schedule H and Schedule A-1.)

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule . . . | | | |
| | TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 8.) . . . . . . . . . . | | | 0 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedules G and H are in the separate instructions.)

Form 706 (Rev. 7-98) (Make copies of this schedule before c... it if you will need more than one schedule.)

**Estate of:** Philip Goldstein 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

## CONTINUATION SCHEDULE

**Continuation of Schedule** G
(Enter letter of schedule you are continuing.)

| Item number | Description For securities, give CUSIP number. | Unit value (Sch B, E or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| | Dividend payable on September 23, 1998 to holders of record on September 3, 1998, @ 0.0825 | | | | 25 |
| 3 | 201 shares Conagra Capital, LC, 9% cum. pfd. Series A; NYSE, CUSIP No. 20588V208, @ 25.6875 | | | | 5,163 |
| 4 | 300 shares Equity Inns, Inc., common; NYSE, CUSIP No. 294703103, @ 11.5938 | | | | 3,478 |
| 5 | 1,656 shares Franklin New York Tax Free Income Fund, Inc., Class A; NASDAQ, CUSIP No. 354130106, @ 12.19 | | | | 20,187 |
| 6 | 201 shares GTE Delaware, 9.25% Series A LLC, Monthly Income Preferred Securities; NYSE, CUSIP No. 36232E202, @ 25.9375 | | | | 5,213 |
| 7 | 201 shares Georgia Power Capital, LP, 9% gtd. Monthly Income Preferred Securities; NYSE, CUSIP No. 373328202, @ 26.2188 | | | | 5,270 |
| 8 | 1,050 shares Glimcher Realty Trust; NYSE, CUSIP No. 379302102, @ 17.2188 | | | | 18,070 |
| 9 | 275 shares Hart Properties Trust, common; NYSE, CUSIP No. 40426W101, @ 16.4375 | | | | 4,520 |
| 10 | 402 shares High Income Opportunity Fund, Inc., common; NYSE, CUSIP No. 42967Q105, @ 10.7813 | | | | 4,334 |
| | Dividend payable on September 25, 1998 to holders of record on September 22, 1998, @ 0.089 | | | | 36 |
| | TOTAL. (Carry forward to main schedule.) | | | | |

See the instructions on the reverse side.

Form 706 (Rev. 7-98) (Make copies of this schedule before ... it if you will need more than one schedule.)

**Estate of:** Philip Goldstein 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

# CONTINUATION SCHEDULE

**Continuation of Schedule** G
(Enter letter of schedule you are continuing.)

| Item number | Description For securities, give CUSIP number. | Unit value (Sch B, E or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| 11 | 150 shares Highwoods Properties, Inc., common; NYSE, CUSIP No. 431284108, @ 26.9375 | | | | 4,041 |
| 12 | 201 shares Illinois Power Capital, LP, 9.45% Series A gtd. monthly income pfd.; NYSE, CUSIP No. 452085202, @ 25.8125 | | | | 5,188 |
| 13 | 200 shares Liberty Properties Trust, pfd. Series A 8.8%; NYSE, CUSIP No. 531172203, @ 24.125 | | | | 4,825 |
| 14 | 201 shares Mcn Mich Limited Partnership, Series A pfd. 9.375% callable 11/30/1999; NYSE, CUSIP No. 55268M201, @25.8125 | | | | 5,188 |
| 15 | 201 shares Mission Capital, LP, 9.875% gtd. Monthly Income Preferred Securities; NYSE, CUSIP No. 605034206, @ 26 | | | | 5,226 |
| 16 | 1,300 shares Muniyield Florida Insured Fund, common; NYSE, CUSIP No. 626298103, @ 15.4375 | | | | 20,069 |
| | Divided payable on September 29, 1998 to holders of record on September 22, 1998, @ 0.0715 | | | | 93 |
| 17 | 1,000 shares Oppenheimer Multi-Sector Income Trust; NYSE, CUSIP No. 683933105, @ 8.8438 | | | | 8,844 |
| | Dividend payable on September 25, 1998 to holders of record on September 11, 1998, @0.067 | | | | 67 |
| | TOTAL. (Carry forward to main schedule.) | | | | |

See the instructions on the reverse side.

Form 706 (Rev. 7-98) (Make copies of this schedule before [illegible]g it if you will need more than one schedule.)

**Estate of:** Philip Goldstein 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

# CONTINUATION SCHEDULE

**Continuation of Schedule** G
(Enter letter of schedule you are continuing.)

| Item number | Description For securities, give CUSIP number. | Unit value (Sch B, E or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| 18 | 230 shares Pacific Gulf Properties, Inc., common; NYSE, CUSIP No. 694396102, @ 19.6875 | | | | 4,528 |
| 19 | 204 shares Placer Dome, Inc., Series A 8.625% pfd.; NYSE, CUSIP No. 725906200, @ 23.6875 | | | | 4,832 |
| 20 | 3,620 shares Putnam New York Tax Exempt Income Fund Class A; NASDAQ, CUSIP No. 74683Q309, @ 9.09 | | | | 32,906 |
| 21 | 875 shares RJR Nabisco Holdings Capital Trust I, 10% TOPRS; NYSE, CUSIP No. 74961M202, @ 24.7813 | | | | 21,684 |
| | Dividend payable on September 30, 1998 to holders of record on September 15, 1998, @ 0.625 | | | | 547 |
| 22 | 200 shares Unisys Corp., $3.75 conv. pfd. Series A; NYSE, CUSIP No. 909214207, @ 49.75 | | | | 9,950 |
| 23 | 625 shares Van Kampen New York Quality Municipal Trust, common; NYSE, CUSIP No. 920922101, @ 16.375 | | | | 10,234 |
| | Dividend payable on September 30, 1998 to holders of record on September 15, 1998, @ 0.075 | | | | 47 |
| 24 | $10,000 New York City prerefunded general obligation 8% bond, due 3/15/2017; CUSIP No. 649659HA0, @ 107.7257 | | | | 10,773 |
| | Interest accrued on Item 24 from September 15, 1998 to September 22, 1998 | | | | 16 |
| | TOTAL. (Carry forward to main schedule.) | | | | |

See the instructions on the reverse side.

Form 706 (Rev. 7-98) (Make copies of this schedule before ... it if you will need more than one schedule.)

**Estate of:** Philip Goldstein 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

## CONTINUATION SCHEDULE

**Continuation of Schedule** G
(Enter letter of schedule you are continuing.)

| Item number | Description For securities, give CUSIP number. | Unit value (Sch B, E or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| 25 | $5,000 New York City Series H general obligation 7.875% bond, due 8/1/2004; CUSIP No. 649655FY7, @ 109.224 | | | | 5,461 |
| | Interest accrued on Item 25 from August 1, 1998 to September 22, 1998 | | | | 56 |
| 26 | $10,000 New York City Series C general obligation 7.5% bond, due 8/1/2019; CUSIP No. 649665ZY5, @ 114.2975 | | | | 11,430 |
| | Interest accrued on Item 26 from August 1, 1998 to September 22, 1998 | | | | 106 |
| 27 | $5,000 New York City Series H general obligation 7.875% bond, due 8/1/2004, CUSIP No. 649665GF7, @ 108.0629 | | | | 5,403 |
| | Interest accrued on Item 27 from August 1, 1998 to September 22, 1998 | | | | 56 |
| 28 | $10,000 Trump Atlantic City Associates, first mortgage 11.25% bond, due 5/1/2006; CUSIP No. 897907AA9, @ 82 | | | | 8,200 |
| | Interest accrued on Item 28 from May 1, 1998 to September 22, 1998 | | | | 441 |
| 29 | $25,000 GNMA Pass-Through X Single Family 11.5% bond, due 9/15/2010; CUSIP No. 362073US5, @ 112.098 | | | | 714 |
| | Interest accrued on Item 29 from September 1, 1998 to September 22, 1998 | | | | 4 |
| | TOTAL. (Carry forward to main schedule.) | | | | |

See the instructions on the reverse side.

Form 706 (Rev. 7-98) (Make copies of this schedule before ... t if you will need more than one schedule.)

**Estate of:** Philip Goldstein 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

## CONTINUATION SCHEDULE

**Continuation of Schedule** G
(Enter letter of schedule you are continuing.)

| Item number | Description For securities, give CUSIP number. | Unit value (Sch B, E or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| 30 | $5,000 New York City Series B general obligation 7% bond, due 10/1/2019; CUSIP No. 649665T30, @ 104.6149 | | | | 5,231 |
| | Interest accrued on Item 30 from April 1, 1998 to September 22, 1998 | | | | 166 |
| 31 | $10,000 New York State Energy Resh. and Development Authority, Electric Facilities Revenue LILCO 7.15% bond, due 6/1/2020; CUSIP No. 649841BL6, @ 110.3285 | | | | 11,033 |
| | Interest accrued on Item 31 from June 1, 1998 to September 22, 1998 | | | | 220 |
| 32 | $10,000 K-Mart Corp. 8.375% note, due 7/1/2002; CUSIP No. 482584AN9, @ 98.1118 | | | | 9,811 |
| | Interest accrued on Item 32 from July 1, 1998 to September 22, 1998 | | | | 188 |
| | For valuations of Items 1 through 32, see printout of Estate Valuation, hereto annexed as Exhibit P. | | | | |
| 33 | 7,612 shares Smith Barney Money Funds Cash Portfolio, Class A; @ $1 | | | | 7,612 |
| | Dividend accrued on Item 33 | | | | 37 |
| | For valuation of Item 37, see printout of Smith Barney, hereto annexed as Exhibit Q. | | | | |

TOTAL. (Carry forward to main schedule.)

See the instructions on the reverse side.

**Estate of:** Philip Goldst n 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

## SCHEDULE J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

**Note:** Do not list on this schedule expenses of administering property not subject to claims. For those expenses, see the instructions for Schedule L.

| Item number | Description | Expense amount |
|---|---|---|
| 4 | Miscellaneous expenses: | |
| | 15 One-half of legal fee of Seymour Hurwitz for foreclosure action | 250 |
| | 16 Attorney disbursements | 2,000 |
| | TOTAL | 6,831 |

**Estate of:** Philip Goldst[illegible]    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

## SCHEDULE J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

**Note:** Do not list on this schedule expenses of administering property not subject to claims. For those expenses, see the instructions for Schedule L.

| Item number | Description | Expense amount |
|---|---|---|
| 4 | Miscellaneous expenses: | |
| | 6 Appraisal of Westhampton, NY condominium, Schedule A, Item 2. See invoice of John Blaney Appraisals, hereto annexed as Exhibit W. | 500 |
| | 7 Opinion letter as to value of 311 Audubon. See invoice of Besen & Associates, Inc., hereto annexed as Exhibit X. | 350 |
| | 8 Ponnock & Gentile, LLC; attorney's fee in connection with post-death issues arising out of guardianship proceeding. See letter of Nicholas T. Gentile, hereto annexed as Exhibit Y. | 3,000 |
| | 9 Securities valuations. See invoice of Estate Valuations & Pricing Systems, Inc., hereto annexed as Exhibit Z. | 64 |
| | 10 Appraisal First; appraisal of house in Tamarac, FL. See invoice hereto annexed as Exhibit 1. | 275 |
| | 11 Condominium common charges on premises 10255 Lombardy Drive, Tamarac, FL | 228 |
| | 12 Service of order to show cause in foreclosure action | 67 |
| | 13 Transcript of stipulation in foreclosure action | 53 |
| | 14 Fedex | 44 |
| | TOTAL . . . . . . . . . . | |

The Estate reserves the right to reallocate administration expenses between the estate tax return and the fiduciary income tax returns.

Form 706 (Rev. 7-98)

**Estate of:** Philip Goldstein 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

## SCHEDULE K—Debts of the Decedent, and Mortgages and Liens

| Item number | Debts of the Decedent-Creditor and nature of claim, and allowable death taxes | Amount unpaid to date | Amount in contest | Amount claimed as a deduction |
|---|---|---|---|---|
| 1 | North Broward Rehabilitation Center, 401 East Sample Road, Pompano Beach, FL 33064. See letter to the creditor, hereto annexed as Exhibit 2. | | | 2,500 |
| 2 | Florida Health Care Consultants, 1515 North Federal Highway, Suite 300, Boca Raton, FL 33432. See letter to creditor, hereto annexed as Exhibit 3. | | | 3,500 |
| 3 | Dr. Manuel Diez, 100 S.E. 15th Avenue, Fort Lauderdale, FL 33301. See invoice, hereto annexed as Exhibit 4. | | | 325 |
| | Total from continuation schedules (or additional sheets) attached to this schedule | | | 6,922 |
| | TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 14.) | | | 13,247 |

| Item number | Mortgages and Liens-Description | Amount |
|---|---|---|
| | NONE | |
| | Total from continuation schedules (or additional sheets) attached to this schedule | |
| | TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 15.) | 0 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedule K are in the separate instructions.)

Form 706 (Rev. 7-98) (Make copies of this schedule before completing it if you will need more than one schedule.)

Estate of: Philip Goldstein 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

## CONTINUATION SCHEDULE

Continuation of Schedule K - Debts
(Enter letter of schedule you are continuing.)

| Item number | Description For securities, give CUSIP number. | Unit value (Sch B, E or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| 4 | Kenton Lebert; home nursing services. See invoice hereto annexed as Exhibit 5. | | | | 4,100 |
| 5 | Trudy Block, for examination in guardianship proceeding during decedent's lifetime | | | | 150 |
| 6 | Real estate taxes for 1998 accrued prior to date of death, on premises 10255 Lombardy Drive, Tamarac, FL | | | | 2,672 |
| 7 | | | | | |

TOTAL. (Carry forward to main schedule.) . . . . . . . . . . . . . . . . . . . . . . . . 6,922

See the instructions on the reverse side.

Form 706 (Rev. 7-98) (Make copies of this schedule before completing it if you will need more than one schedule.)

**Estate of:** Philip Goldstein 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

## CONTINUATION SCHEDULE

**Continuation of Schedule** G
(Enter letter of schedule you are continuing.)

| Item number | Description For securities, give CUSIP number. | Unit value (Sch B, E or G only) | Alternate valuation date | Alternate value | Value at date of death or amount deductible |
|---|---|---|---|---|---|
| | All assets listed on this Schedule were the assets of the Philip Goldstein Revocable Trust (the "Trust"), pursuant to Trust Agreement dated August 21, 1998 (Exhibit F hereto annexed), which instrument revoked the Philip Goldstein Revocable Trust Agreement dated May 27, 1998. The Trust is, pursuant to Article VI of the decedent's Last Will and Testament, the sole legatee under the Will. | | | | |
| | TOTAL. (Carry forward to main schedule.) | | | | 281,523 |

See the instructions on the reverse side.

**Estate of:** Philip Goldstein 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

## SCHEDULE J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

**Note:** Do not list on this schedule expenses of administering property not subject to claims. For those expenses, see the instructions for Schedule L.

If executors' commissions, attorney fees, etc., are claimed and allowed as a deduction for estate tax purposes, they are not allowable as a deduction in computing the taxable income of the estate for Federal income tax purposes. They are allowable as an income tax deduction on Form 1041 if a waiver is filed to waive the deduction on Form 706 (see the Form 1041 instructions).

| Item number | Description | Expense amount | Total amount |
|---|---|---|---|
| | **A. Funeral expenses:** | | |
| | Park Hill Funeral Home; Exhibit R | 3,059 | |
| | Zimmerman's Memorials; headstone. Exhibit S | 485 | |
| | Miscellaneous funeral expenses | 15,856 | |
| | Total funeral expenses | | 19,400 |
| | **B. Administration expenses:** | | |
| 1 | Executors' commissions—amount estimated/ ~~agreed upon~~/ ~~paid~~. (Strike out the words that do not apply.) Linda Turcotte | | 18,700 |
| 2 | Attorney fees—amount estimated/ ~~agreed upon~~/ ~~paid~~. (Strike out the words that do not apply.) Richard Goldstone, Mark S. Hamburgh | | 72,000 |
| 3 | Accountant fees—amount estimated/ ~~agreed upon~~/ ~~paid~~. (Strike out the words that do not apply.) Levy & Associates and Jason Rosenberger (Exh T) | | 3,594 |
| 4 | Miscellaneous expenses: | Expense amount | |
| | 1 Filing fee for ancillary probate. | 500 | |
| | 2 Death certificates | 90 | |
| | 3 Certificates of letters testamentary | 50 | |
| | 4 Foreclosure searches and mortgage title policy<br><br>Invoices of East Coast Abstract, totaling $2418 of the claimed amount are hereto annexed as Exhibit U. | 2,468 | |
| | 5 Appraisal of 311-319 Audubon Avenue, the subject property in the mortgage foreclosure action, Schedule F, Item 3. See invoice of Richard I Halpern, hereto annexed as Exhibit V. | 1,500 | |
| | Total miscellaneous expenses from continuation schedules (or additional sheets) attached to this schedule | 6,831 | |
| | Total miscellaneous expenses | | 11,439 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 13.) | | 125,133 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on the reverse side.)

state of [redacted]

Philip Goldstein

Social security number: 058 C [redacted] 117

heck the Yes or No box for each question.

| | Question | Yes | No |
|---|---|---|---|
| 53 | Do you elect a marital deduction for qualified terminable interest property under section 955(c) (QTIP)? | | X |
| 54 | Are you making any of the following elections? (If yes, also check applicable box or boxes below) | | X |
| | a Special use valuation under section 954-a of the Tax Law ☐ a | | |
| | b Exclusion of land subject to a qualified conservation easement under section 954-b of the Tax Law (see instructions) ☐ b | | |
| | c Exclusion for a family-owned business under section 954-c of the Tax Law (complete and attach Form ET-417) ☐ c | | |
| | d Deduction for family-owned business interests under section 955(g) of the Tax Law (see instructions) ☐ d | | |
| 55 | Do you elect to pay the tax in installments as described in IRC section 6166 (NY 997)? If Yes, attach Form ET-415 in duplicate | | X |
| 56 | Did the decedent, at the time of death, own any interest in a partnership or unincorporated business; own stock in an inactive or closely held business; or have an interest in any commercial property or incorporated business? | | X |
| 57 | Does the gross estate contain any IRC section 2044 property? | | X |
| 58 | Was there any insurance on the decedent's life, or were there any annuities or lump sum distributions that are not included on the return as part of the gross estate? | | X |
| 59 | Was the decedent a plaintiff in any litigation at the time of death, or is there any litigation pending or contemplated on the behalf of the decedent? (see instructions) | X | |
| 60 | At the time of the decedents death, did there exist any trusts created by the decedent, or did the decedent possess a power over, a beneficial interest in, or a trusteeship of, any trust created by another? | X | |
| 61 | Are there any assets wholly or partially excluded from the gross estate other than jointly-held assets with the surviving spouse? | | X |
| 62 | Did the decedent at the time of death own any artwork, stamp collections, coin collections or other collections? | | X |

## Schedule 1 - Adjustments to federal gross estate

| | | Additions | Subtractions |
|---|---|---|---|
| 63 | Property subject to a limited power of appointment created before September 1, 1930, includable in the New York estate under section 957 of the Tax Law | 63 0 | |
| 64 | Federal gift tax, if any, included on Schedule G of federal Form 706 | | 64 0 |
| 65 | New York State gift tax, if any, paid by decedent or decedent's estate for gifts made by decedent or spouse within three years of decedent's death | 65 0 | |
| 66 | Enter the full value of property included in the federal gross estate under the provisions of section 2044 of the IRC (QTIP) | | 66 0 |
| 67 | Enter the full value of property includable in the New York gross estate under the provisions of section 954(a)(4) and (5) of the Tax Law | 67 0 | |
| 68 | Totals (add lines 63, 65 and 67 in Additions column and add lines 64 and 66 in Subtractions column) | 68 0 | 0 |
| 69 | Net difference - plus or minus (enter here and on page 2, line 33e) | 69 0 | |

## Schedule 2 - Adjustments to determine the New York gross estate of a resident or nonresident decedent

**For a resident decedent:** List each item of real and tangible personal property located **outside** New York State, indicating the item number and the schedule on which it is listed (do not include bank accounts or other intangible assets located outside New York State). Attach additional sheets if necessary.

70 Total value of property located outside New York State (listed above) for a resident decedent (enter here and on page 2, line 35) ... 70 | 0

**For a nonresident decedent:** List each item of real property and tangible personal property located in New York State, that is required to be included in the New York gross estate. Indicate the item number and the schedule on which it is listed. **Do not include** bank accounts or other intangible assets located in or outside New York State. Property in a QTIP Trust that is not required to be included in the New York gross estate under the provisions of section 954(a)(4) and (5) of the Tax Law, should also be excluded.

SEE ATTACHED.

| | | | |
|---|---|---|---|
| 71a | Total value of property located in New York State listed above for a nonresident decedent | 71a | 165,000 |
| 71b | Real property and tangible personal property within New York State, that is included in the amount on lines 33a, 33b, or 33c | 71b | 0 |
| 71c | Total value of property includable in the New York gross estate of a nonresident (subtract line 71b from line 71a, enter here and on page 2, line 36b) | 71c | 165,000 |

state of
Philip Goldstein

Social security nu[redacted]r
058 | C [redacted]117



## chedule 2 - Adjustments to determine the New York gross estate of a resident or nonresident decedent

**For a resident decedent:** List each item of real and tangible personal property located **outside** New York State, indicating the item numbe and the schedule on which it is listed (do not include bank accounts or other intangible assets located outside New York State). Attach additional sheets if necessary.

70 Total value of property located outside New York State (listed above) for a resident decedent (enter here and on page 2, line 35) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 70 | 0

**For a nonresident decedent:** List each item of real property and tangible personal property located in New York State, that is required to be included in the New York gross estate. Indicate the item number and the schedule on which it is listed. **Do not include** bank accounts or other intangible assets located in or outside New York State. Property in a QTIP Trust that is not required to be included in the New York gross estate under the provisions of section 954(a)(4) and (5) of the Tax Law, should also be excluded.

| | |
|---|---|
| Schedule A, Item 2 | 165,000 |

| | | | |
|---|---|---|---|
| 71a | Total value of property located in New York State listed above for a nonresident decedent . . . . . . . . . . | 71a | 165,000 |
| 71b | Real property and tangible personal property within New York State, that is included in the amount on lines 33a, 33b, or 33c . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 71b | 0 |
| 71c | Total value of property includable in the New York gross estate of a nonresident (subtract line 71b from line 71a, enter here and on page 2, line 36b) . . . . . . . . . . . . . . . . . . . . . . . | 71c | 165,000 |

Philip Goldstein 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

## Schedule 3 - Adjustment to federal marital deduction

If an addition to, or subtraction from, the federal marital deduction is required:

List the property and indicate the federal schedule(s) on which it is listed. Also, indicate the amount of the adjustment (see instructions). Also subtract the value of property reported on Form ET-419, Computation of Exclusion for a Victim of Nazi Persecution, that passed to the surviving spouse.
Note: If you are making adjustments to claim the marital deduction for a surviving spouse who is not a citizen of the United States, both the executor and the surviving spouse must sign in the space provided in item 52 on the bottom of page 2.

72 Total value of property listed on this schedule (if negative amount, enter minus sign; enter here and on page 2, line 45) . . | 72 | 0

## Schedule 4 - Adjustments to federal deduction for charitable, public and similar gifts and bequests

If an addition to, or subtraction from, the federal charitable deduction is required:

List the property and indicate the federal schedule(s) on which it is listed. Also, indicate the amount of the adjustment (see instructions). Include as an addition property passing under limited power of appointment created before September 1, 1930, that passes or has passed to a qualified charitable organization, if such property is included in the amount on line 63, page 3 (Tax Law, section 957(c)). Subtract the value of property reported on Form ET-419, Computation of Exclusion for a Victim of Nazi Persecution, that passed to a qualified charitable organization.

73 Total value of property listed on this schedule (if a negative amount, enter minus; enter here and on page 2, line 48) . . | 73 | 0

## Schedule 5 - Deduction for principal residence (for the estate of a decedent whose date of death is on or after June 8, 1995)

| | | | |
|---|---|---|---|
| a. Value of principal residence as reported on Schedule A, B, E (Part II only) F, or G | | a | 137,000 |
| b. Mortgages and other deductions specifically attributable to principal residence as reported on Schedules J, K, L, M and N: | | | |
| Administration expenses (from Schedules J and L) | 275 | | |
| Debts of decedent (from Schedule K) | | | |
| Bequests to spouse (marital deduction) (from Schedule M) | | | |
| Charitable bequests (from Schedule N or federal Schedule O) | | | |
| **Total deductions** (add items above) | | b | 275 |
| c. Net value of principal residence (subtract line b from line a) | | c | 136,725 |
| d. Maximum allowable deduction | | d | 250,000 00 |
| 74 Deduction for principal residence (enter the lesser of line c or line d; enter here and on line 50) | | 74 | 136,725 |

**If an attorney or authorized representative is listed on page 1, he or she must complete the following declaration:**

I declare that I am a (check one or more) ☒ attorney; ☐ certified public accountant; ☐ enrolled agent; or ☐ public accountant enrolled with the New York State Education Department;
and agree to represent the executor for the estate, and I am authorized to receive tax information regarding this estate.

| Signature of authorized representative | Date |
|---|---|
| Mark S. Hamburgh | 11/1/04 |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer other than the executor is based on all information on which preparer has any knowledge. Furthermore, I/we, as executor(s) for this estate, authorize the person, if any, named as my/our representative on the front of this return to receive confidential tax information regarding this estate.

| Signature of executor | Date | Signature of co-executor | Date |
|---|---|---|---|
| [signature] | 11/2/04 | | |
| **Preparer's name** | | **Signature of preparer other than executor** | **Date** |
| MARK S. HAMBURGH | | Mark S. Hamburgh | 11/1/04 |
| **Address of preparer** | **City** | **State** | **ZIP code** |
| 450 Seventh Avenue, Suite 1308 | New York | NY | 10123 |

# STATEMENT OF PRIOR PAYMENTS

| Date | Amount of Payment | Total of Payments |
|---|---|---|
| 7/10/02 | $10,000.00 | $10,000.00 |

**MARK S. HAMBURGH**
ATTORNEY IOLA ACCOUNT
12 EAST 41ST STREET 6TH FLOOR
NEW YORK, NY 10017
(212) 687-1095

E020001429 1

THE CHASE MANHATTAN BANK, N.A.
NEW YORK CITY, NY 10081
1-2/210

1324

July 2, 2002

PAY TO THE ORDER OF Commissioner of Taxation and Finance $ 10,000 xx/100

Ten thousand and xx/100 DOLLARS

Security features included. Details on back.

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

MEMO Form ET-130

Mark S. Hamburgh

⑈001324⑈ ⑆021000021⑆ 007 1 336077⑈ ⑈0001000000⑈

Payment approved
entered Phillip Ceobin
by [signature]

IRS Internal Revenue Service

CINCINNATI OH 45999-0038

71836086645480274638

In reply refer to: 0236605358
Aug. 29, 2005 LTR 105C E0 Z
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V 000000 52 000 0
01160
BODC: SB

PHILIP GOLDSTEIN ESTATE
% HAMBURGH
450 7TH AVE STE 1308
NEW YORK NY 10123-1308335

CERTIFIED MAIL

Taxpayer Identification Number: 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V
Kind of Tax: Estate Tax
Amount of Claim : $ 165,000.00

Date of Claim(s) Received: Nov. 12, 2004
Tax Period : Sep. 22, 1998

WE COULDN'T ALLOW YOUR CLAIM

Dear Taxpayer:

WHY WE'RE SENDING YOU THIS LETTER
This letter is your notice that we've disallowed your claim for credit for the period shown above.

WHY WE CANNOT ALLOW YOUR CLAIM
Your return was postmarked more than three years after the return due date plus any extensions.

IF YOU DISAGREE

You may appeal our decision with the Appeals Office (which is independent of our office) if we disallowed your claim because our records show that you filed your claim late. Generally, a claim is late if you filed it the later of:

- 3 years from the return due date of a timely filed, unextended return
- 3 years from the date we received a late return or a timely filed, extended return
- 2 years after you paid the tax

In addition, the amount of any credit or refund for a claim filed within three years of the tax return is limited to amounts paid within the three years before filing the claim plus the period of any extension of time granted for filing the tax return. Similarly, the amount of a claim filed within the two-year period is limited to the amount paid within the two years before filing the claim.

EXHIBIT C

0236605358
Aug. 29, 2005 LTR 105C E0 Z
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V 000000 52 000 0
01161

PHILIP GOLDSTEIN ESTATE
% HAMBURGH
450 7TH AVE STE 1308
NEW YORK NY 10123-1308335

The Appeals Office cannot change the amount of time the law allows you to file a claim for refund or credit.

If you decide to appeal our decision, you should provide us with an explanation of why you consider your claim was filed on time; for example, you had an extension of time to file your original tax return. We will consider your explanation before forwarding your request to the Appeals Office.

Note: reasonable cause or similar explanations that may provide an excuse for relief from a penalty for the late filing of a tax return cannot change the time limitations for filing a claim set by law. Please review Publication 556, Examination of Returns, Appeals Rights, and Claims for Refund, to see if you qualify for an exception provided by law; for example, you were "financially disabled," you were serving in a combat zone, or your claim involves an item that has a filing period in excess of the general three-year period.

You have the right to appeal our decision to disallow your claim. You may represent yourself before Appeals. You may have an attorney, certified public accountant, or person enrolled to practice before the Internal Revenue Service represent you. To have someone represent you, attach Form 2848, Power of Attorney and Declaration of Representative, (or similar written power of attorney) to your written statement.

You may request a small dollar case appeal for a disallowed claim that is less than $25,000 or prepare a formal protest for a disallowed claim over $25,000.

To request a small dollar case appeal for a claim, do the following:
1. State that you want to appeal.
2. List the disallowed items you disagree with and why you don't agree with each item.
3. Provide your name, address, taxpayer identification number, daytime telephone number, and a copy of this letter.
4. Mail your appeal request to the address shown on this letter.

To prepare a formal protest, do the following:

1. Prepare a written statement that you want to appeal the disallowance to the Appeals Office.
2. Provide your name, address, taxpayer identification number, a daytime telephone number, and a copy of this letter. Show the tax periods or years and disallowed items you disagree with and why you don't agree with each item.

0236605358
Aug. 29, 2005 LTR 105C E0 Z
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V 000000 52 000 0
01162

PHILIP GOLDSTEIN ESTATE
% HAMBURGH
450 7TH AVE STE 1308
NEW YORK NY 10123-1308335

3. Include a detailed statement of facts with names, amounts, locations, etc. to support your reasons for disputing the disallowance.
4. If you know the particular law or authority that supports your position, you should inform us of that law or authority. Please include a legal citation to assist in the appeals process that supports your claim, if applicable.
5. Sign the statement below and include it with your written appeal. If your authorized representative prepares the request for an appeal, he/she must sign the statement and include it with the appeal.
6. Mail your written formal protest to the address shown on this letter.

STATEMENT BY INDIVIDUALS OR SOLE PROPRIETORS

"Under penalties of perjury, I declare that the facts present on my written appeal are, to the best of my knowledge and belief, true, correct, and complete."

______________________ ______________
Signature Date

______________________ ______________
Spouse's Signature, if a Joint Return Date

STATEMENT BY ENROLLED AGENT

"Under penalty of perjury, I declare that I prepared the written statement and accompanying documents. I know personally that the protest and accompanying documents are true and correct."

______________________ ______________ __________
Signature of Agent Enrollment Number Date

If you do not agree with our decision, you may file suit to recover tax, penalties, or other amounts, with the United States District Court having jurisdiction or with the United States Claims Court. These courts are part of the judiciary branch of the federal government and have no connection with the Internal Revenue Service.

The law permits you to do this within 2 years from the date of this letter. If you decide to appeal our decision first, the 2-year period still begins from the date of this letter. However, if you signed an agreement that waived your right to the notice of disallowance

0236605358
Aug. 29, 2005 LTR 105C E0 Z
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V 000000 52 000 0
01163

PHILIP GOLDSTEIN ESTATE
% HAMBURGH
450 7TH AVE STE 1308
NEW YORK NY 10123-1308335

(Form 2297), the period for filing suit begins on the date you filed the waiver.

HOW TO CONTACT US

If you have any questions, please call us toll free at 1-800-829-0115.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

Telephone Number (    )________________ Hours____________

A copy of this letter and any referenced enclosures have been forwarded to your authorized representative(s).

Sincerely yours,

Dan Myers

Dan Myers, Field Director
Accounts Management

Enclosure(s):
Publication 1
Envelope