Rev. Proc. 84-58, 1984-33 I.R.B. 9, 1984 WL 260577 (IRS RPR), 1984-2 C.B. 501

1. Internal Revenue Service (I.R.S.)

Revenue Procedure

Published: August 13, 1984

**26 CFR 601.105**: Examination of returns and claims for refund, credit, or abatement; determination of correct tax liability.

(Also Part I, Sections 6213, 6402, 6601, 6611, 6622; 301.6213-1, 301.6402-1, 301.6601-1, 301.6611-1, 301.6622-1.)

SECTION 1. PURPOSE

The purpose of this **revenue procedure is to update Rev. Proc. 82-51, 1982-2 C.B. 839,** which provides procedures for taxpayers to make remittances in order to stop the running of interest on deficiencies.

SEC. 2. BACKGROUND

.01 **Section 6213(a) of the Internal Revenue Code** provides the general rule that a taxpayer may file a petition with the Tax Court for a redetermination of a deficiency within 90 days after the notice of deficiency is mailed (150 days if the notice is addressed to persons outside the United States). No assessment of a deficiency may be made until after the expiration of the 90-day or 150-day period, or, if petition is filed, until the decision of the Tax Court is final.

.02 **Section 6213(b)(4)** of the Code provides an exception to the rule in **section 6213(a)**. If an amount is paid as tax, or in respect of a tax, the amount may be assessed as a payment of tax upon receipt of payment. Additionally, if an amount is paid after the mailing of a notice of deficiency, the payment will not deprive the Tax Court of jurisdiction over the matter.

.03 **Rev. Proc. 82-51** updated procedures found in **Rev. Proc. 64-13, 1964-1 (Part I)** C.B. 674, concerning the making of remittances before assessment. **Rev. Proc. 82-51** distinguished between payments made in satisfaction of a tax liability and "deposits in the nature of a cash bond" made merely to stop the running of interest. A deposit in the nature of a cash bond is not a payment of tax, is not subject to a claim for credit or refund, and, if returned to the taxpayer, does not bear interest. **Rev. Proc. 82-51** assured taxpayers of their right to petition the Tax Court in cases in which they had made a deposit in the nature of a cash bond before the mailing of the notice of deficiency. It also provided various rules for computing interest, returning deposits, and allocating payments to tax, penalty, and interest.

.04 Section 344 of the Tax Equity and Fiscal Responsibility Act of 1982, 1982-2 C.B. 462, 579, (TEFRA) made several changes affecting computation of interest, effective January 1, 1983.
1 Section 6622 of the Code was enacted to require the daily compounding of all interest required to be paid under the Code.
2 The "no interest on interest" rule formerly found in former section 6601(e)(2) of the Code was repealed.

.05 Under section 4.04 of **Rev. Proc. 83-7, 1983-2 C.B. 583,** interest continues to run on accrued interest if a deposit in the nature of a cash bond satisfies all or part of the tax but does not satisfy the interest that has accrued up until the date the deposit was made.

SEC. 3. CHANGES/CLARIFICATIONS

.01 Section 4.01 of this revenue procedure permits the making of a deposit in the nature of a cash bond after mailing of the notice of deficiency.

.02 Paragraph 3 of section 4.02 and section 5.01 provide that a deposit in the nature of a cash bond stops the running of interest at the time the remittance is received.

.03 Paragraph 3 of section 4.02 provides that a deposit in the nature of a cash bond will be posted to the taxpayer's account as a payment of tax after the mailing of a notice of deficiency unless the taxpayer specifically asks that it continue to be treated as a deposit. See section 3.01.

.04 Paragraph 4 of section 4.02 allows taxpayers to apply a deposit in the nature of a cash bond against other specific liabilities.

.05 Paragraph 1 of section 4.03 and paragraph 3 of section 4.02 provide that payments will normally be "posted" rather than "assessed". Assessments of payments as tax are made discretionary to the Internal Revenue Service by the Code. Posting payments against tax liabilities ultimately determined to be due assures proper credit and has no adverse effect upon taxpayers with respect to the running of interest.

.06 Paragraph 1 of section 4.03 requires that taxpayers specify what portion of the proposed liability they intend to satisfy if a partial payment is made.

.07 Section 5 revises rules on interest to take account of changes imposed by the TEFRA.

.08 Section 6.02 clarifies the rules for allocating payments to tax, penalty, and interest. Taxpayers will not be allowed to designate payments toward interest unless the underlying tax to which the interest relates is paid or the taxpayer agrees to the assessment.

SEC. 4. PROCEDURE

.01 Post statutory notice remittances
1 Subject to the provisions of subparagraph 3, a remittance made after the mailing of a notice of deficiency in complete or partial satisfaction of the deficiency will, absent any instructions from the taxpayer, be considered a payment of tax and will be posted to the taxpayer's account as such as soon as possible. Such a remittance will not deprive the Tax Court of jurisdiction over the deficiency.
2 A remittance made after the mailing of a notice of deficiency but before the expiration of the 90-day or 150-day period, or, if a petition is filed, before the decision of the Tax Court is final, and is specifically designated by the taxpayer in writing as a "deposit in the nature of a cash bond", will be treated as such by the Service. Such a deposit in the nature of a cash bond is not a substitute for a bond to stay assessment and collection described in section 7485 of the Code. Although the amount will be posted to the taxpayer's account, it may be returned to the taxpayer under the conditions in section 4.02 up until the time the Service is entitled to assess the tax.
3 Any remittance made by the taxpayer after the date that the Tax Court files its opinion in an amount greater than the amount of the deficiency determined by the Tax Court, plus any interest that as accrued on that amount at the remittance date, will be treated as a deposit in the nature of a cash bond.

.02 Deposits in the nature of a cash bond
1 A remittance made before the mailing of a notice of deficiency that is designated by the taxpayer in writing as a deposit in the nature of a cash bond will be treated as such by the Service. Such a deposit is not subject to a claim for credit or refund as an overpayment. The taxpayer may request the return of all or part of the deposit at any time before the Service is entitled to assess the tax. That amount will be returned to the taxpayer, without interest, unless the Service determines that assessment or collection of the tax determined to be due would be in jeopardy, or that the amount should be applied against any other liability. In such a case, the deposit will not be returned, but will be applied against a jeopardy or termination assessment or against the other liability.
2 Upon completion of an examination, if taxpayer who has made a deposit executes a waiver of restrictions on assessment and collection of the deficiency or otherwise agrees to the full amount of the deficiency, an assessment will be made and any deposit will be applied against the assessed liability as a payment of tax as of the date the assessment was made. In such a case, no notice of deficiency will be mailed and the taxpayer will not have the right to petition the Tax Court for redetermination of the deficiency.
3 Upon completion of an examination, if a taxpayer who has made a deposit does not execute a waiver of restrictions on assessment and collection or otherwise agree to the full amount of the deficiency, the Service will mail a notice of deficiency and the taxpayer will have the right to petition the Tax Court. That part of the deposit that is not greater than the deficiency proposed plus any interest that has accrued on the deficiency will be posted to the taxpayer's account as a payment of tax at the expiration of the 90 or 150-day period unless the taxpayer rerequests in writing before the date that the deposit continue to be treated as a deposit after the mailing of the

notice of deficiency. Any amount of the remittance that exceeds the proposed liability will continue to be considered a deposit and will be returned to the taxpayer without interest subject to the provisions in subparagraph 1 of this section.

4 A taxpayer may elect to have a deposit in the nature of a cash bond that exceeds the amount of tax ultimately determined to be due applied against another assessed or unassessed liability, subject to the provisions of subparagraph 1 of this section. Thus, a taxpayer under examination for several different years may request that a deposit made for one year be applied to another year. Such requests must be in writing and must be directed to the same office with which the original deposit was made.

5 For deposits in the nature of a cash bond made after the mailing of a notice of deficiency, see subparagraph 2 of section 4.01.

.03 Payments of tax

1 A remittance not specifically designated as a deposit in the nature of a cash bond will be treated as a payment of tax if it is made in response to a proposed liability, for example, as proposed in a revenue agent's or examiner's report, and remittance in full of the proposed liability is made. A partial remittance will not be treated as a partial payment of tax unless the taxpayer specifically designates what portion of the proposed liability the taxpayer intends to satisfy. If the remittance is treated as a partial payment of tax, it will be posted to the taxpayer's account as a payment as of the date it is received. That amount may be taken into account by the Service in determining the amount for which a notice of deficiency must be mailed. If the Service is unable to determine whether a partial remittance is intended to be a payment of tax or a deposit in the nature of a cash bond, the Service will treat the remittance as a deposit in the nature of a cash bond and will follow the procedures described in section 4.04 .

2 If the remittance equals or exceeds the proposed liability, no notice of deficiency will be mailed. The taxpayer will not have the right to petition the Tax Court for a redetermination of the deficiency .

3 Remittances treated as payments of tax will be posted against the taxpayer's account upon receipt, or as soon as possible thereafter, and may be assessed provided that assessment will not imperil a criminal investigation or prosecution. In any case, the remittance will be applied against the taxpayer's account as of the date received by the Service.

4 If the remittance exceeds the assessed liability including any interest and penalty, the balance will be returned to the taxpayer, without interest, provided the taxpayer has no other outstanding liabilities.

.04 Undesignated remittances

1 Any undesignated remittance not described in section 4.03 made before the liability is proposed to the taxpayer in writing (e.g., before the issuance of a revenue agent's or examiner's report), will be treated by the Service as a deposit in the nature of a cash bond. Such a deposit is not subject to a claim for credit or refund and the excess of the deposit over the liability ultimately determined to be due will not bear interest under section 6611 of the Code. The taxpayer will be notified concerning the status of the remittance, and may elect to have the deposit returned, without interest, at any time before the issuance of a revenue agent's or examiner's report, subject to the

provisions of subparagraph 1 of section 4.02.
2 If the taxpayer leaves an undesignated remittance on deposit until completion of the examination, the Service will follow the procedure described in section 4.02.

SEC. 5. INTEREST

.01 The running of interest on an assessed tax liability satisfied by application of a remittance (whether it was treated as a "payment of tax" or a "deposit in the nature of a cash bond") will stop on the date the remittance is received by the Service, regardless of when the liability is assessed or the remittance actually applied against the taxpayer's account. If the remittance is held as a deposit in the nature of a cash bond, but is returned at the taxpayer's request, and a deficiency is later assessed for that period and type of tax, the taxpayer will not receive credit for the period in which the funds were held as a deposit. If a waiver of restrictions on assessment and collection is executed for the amount covered by the remittance, the running of interest will stop on the date of receipt of the remittance, or 30 days after the waiver is filed with the Service, whichever is earlier.

.02 Taxpayers should be cautioned that the making of either a payment of tax or a deposit in the nature of a cash bond will stop the running of interest on only that amount that is actually remitted. Because of the compounding rules in section 6622 of the Code, interest will continue to accrue on accrued interest even though the underlying tax has been paid. Taxpayers wishing to stop the running of interest on both tax and interest should have a remittance for both the tax and the interest that has accrued as of the date of remittance.

.03 If a remittance is treated as a payment of tax and no notice of deficiency is mailed under sections 4.03 or 4.04, any interest due will be assessed with the tax. If a remittance is made after the mailing of a notice of deficiency under section 4.01, or if the Service mails a notice of deficiency under sections 4.02, 4.03, or 4.04, any interest due will be assessed after the expiration of the period of time for filing a petition with the Tax Court, or, if a petition is filed, after the Tax Court decision becomes final. Compound interest will continue to accrue on any interest not covered by the remittance under section 4 .02. A taxpayer wishing to stop the running of all interest must make a payment or deposit sufficient to cover all accrued interest as of the date of remittance as well as the entire amount of the underlying tax.

.04 No interest will be allowed or paid on a deposit, or any portion of a deposit, returned to a taxpayer before or after assessment .

.05 Remittances treated as payments of tax will be treated as any other assessed amount and compound interest will be paid on any overpayment under section 6611 of the Code. In the event that deposit in the nature of a cash bond is posted to a taxpayer's account as a payment of tax pursuant to subparagraph 3 of section 4.02, interest will run on an overpayment later determined to be due only from the date the amount was posted as a payment of tax.

SEC. 6. ALLOCATION OF REMITTANCES

.01 The Service will allocate any remittance treated as a payment of tax to penalty or interest as designated by the taxpayer if the remittance exceeds the full amount of the underlying tax due. If no designation is made, the remittance will be applied first to tax, then to penalty, and then to interest. If more than one period of tax is involved, the Service will allocate an undesignated remittance so as to satisfy all tax, penalty, and interest for the earliest period before applying any excess to other periods.

.02 If a taxpayer makes a remittance that is treated as a partial payment of tax under section 4.03, the Service will honor the taxpayer's request to allocate all or part of the payment to interest if one of the following conditions is met:
1 The taxpayer agrees to assessment and collection of the liability by executing a waiver of restrictions; or
2 The taxpayer pays the underlying tax with respect to the amount to be designated as interest and the amount designated as interest does not exceed the amount of interest that has accrued on the tax being paid.

.03 Any remittance purporting to be a partial payment of tax that does not meet one of the conditions in section 6.02 will be treated in its entirety as a deposit in the nature of a cash bond and the procedures in section 4.02 will be followed. In such a case, the taxpayer may cure any defects in the designation by redesignating the amount to be allocated as interest.

.04 Taxpayers may not make designations of remittances treated as deposits in the nature of a cash bond. If a liability is ultimately assessed and the deposit applied as a payment of tax, the Service will allocate the payments in accordance with any designation then made by the taxpayer. If no allocation is designated by the taxpayer, the remittance will be applied first to tax, then to penalties, and then to interest.

SEC. 7. EFFECTIVE DATE

This Revenue Procedure is effective for all remittances made on or after October 1, 1984.

SEC. 8. EFFECT ON OTHER DOCUMENTS

**Rev. Proc. 82-51** is superseded, effective with respect to remittances made on or after October 1, 1984.
Rev. Proc. 84-58, 1984-33 I.R.B. 9, 1984 WL 260577 (IRS RPR), 1984-2 C.B. 501

END OF DOCUMENT