Rev. Proc. 2005-18, 2005-13 I.R.B. 798, 2005 WL 580680 (IRS RPR)

1. Internal Revenue Service (I.R.S.)

Revenue Procedure

Released: March 14, 2005

Published: March 28, 2005

**26 USC § 6603**: Deposits Made to Suspend the Running of Interest on Potential Underpayments.

(Also: Part 1, §§ 6201, 6402, 6601, 6611, 6622, 301.6213-1, 31.6402-1, 301.6601-1, 301.6611-1, 301.6622-1, 601.105.)

This document provides procedures for making, withdrawing, or otherwise identifying deposits under new **section 6603** of the Code to suspend the running of interest under section 6601 on potential underpayments of tax. **Section 6603** was added to the Code by the American Jobs Creation Act of 2004. The procedure also invites comments from the public regarding rules and standards relating to new **section 6603**. **Rev. Proc. 84-58** superseded.

SECTION 1. PURPOSE

The purpose of this revenue procedure is to provide procedures for taxpayers to make, withdraw, or identify deposits to suspend the running of interest on potential underpayments under new **section 6603 of the Internal Revenue Code.** This **revenue procedure supersedes Rev. Proc. 84-58, 1984-2 C.B. 501,** which provides procedures for taxpayers to make remittances to suspend the running of interest on deficiencies. This revenue procedure also invites comments from the public regarding rules and standards relating to new **section 6603**.

SECTION 2. BACKGROUND

.01 The American Jobs Creation Act of 2004, **Pub. L. No. 108-357, 118 Stat. 1418** (the "Act"), enacted on October 22, 2004, added new **section 6603** to the Code to permit a taxpayer to make a deposit with the Internal Revenue Service to suspend the running of interest under section 6601 on a potential underpayment of tax. A deposit may be made with respect to certain underpayments of tax that have not been assessed at the time of the deposit.

.02 **Section 6603(a)** provides that a taxpayer may make a deposit with the Service that may be used by the Secretary to pay any income, gift, estate, or generation-skipping taxes imposed on the taxpayer under the Code, or certain excise taxes imposed on the taxpayer under the Code. **Section 6603(b)** provides that, to the extent that a deposit is used by the Service to pay tax, the

tax shall be treated as paid on the date the deposit is made for purposes of computing interest on underpayments under section 6601.

.03 **Section 6603(c)** provides that the Service will return to the taxpayer any amount of a deposit that the taxpayer requests in writing be returned unless the amount has previously been used to pay tax or the Service determines that collection of tax is in jeopardy. **Section 6603(d)** authorizes the payment of interest on a deposit that is returned to the taxpayer to the extent (and only to the extent) that the deposit is attributable to a disputable tax. **Section 6603(d)(4)** provides that the rate of interest is the Federal short-term rate determined under section 6621(b), compounded daily.

.04 **Section 6603(d)(2)** defines a "disputable tax" as the amount of tax specified at the time of deposit as the taxpayer's reasonable estimate of the maximum amount of tax attributable to disputable items. **Section 6603(d)(3)(A)** defines a "disputable item" as any item of income, gain, loss, deduction or credit if the taxpayer has a reasonable basis for its treatment of such item and reasonably believes that the Service also has a reasonable basis for disallowing the taxpayer's treatment of such item. If a taxpayer has been issued a 30-day letter, the amount of disputable tax is, at a minimum, the amount of the proposed deficiency specified in the letter.

.05 Interest allowable under **section 6603(d)** on a deposit returned to the taxpayer will not establish a period for which interest was allowable at the applicable Federal short-term rate for purposes of establishing a net zero interest rate for the same period under section 6621(d). See H.R. Conf. Rep. No. 755, 108th Cong, 2d Sess. 649 (2004).

.06 **Rev. Proc. 84-58** provides procedures for taxpayers to make remittances, or "deposits in the nature of a cash bond," to suspend the running of interest on deficiencies. Under **Rev. Proc. 84-58**, a deposit in the nature of a cash bond is not a payment of tax, is not subject to a claim for credit or refund, and, if returned to the taxpayer, does not bear interest. Section 842(c)(2) of the Act provides that, in the case of an amount held by the Service as a deposit in the nature of a cash bond pursuant to **Rev. Proc. 84- 58** on the date of enactment (October 22, 2004), the date the taxpayer identifies the amount as a deposit made pursuant to **section 6603** shall be treated as the date the amount is deposited for purposes of **section 6603(d)**.

.07 The legislative history for **section 6603** provides that the Secretary may issue rules relating to the making, use, and return of the deposits. See H.R. Conf. Rep. No. 755, 108th Cong, 2d Sess. 647 (2004). The following procedures implement the requirements of **section 6603**.

SECTION 3. SCOPE

This revenue procedure applies to remittances made to stop the running of interest on deficiencies, including remittances treated as deposits under **section 6603**.

SECTION 4. PROCEDURES FOR MAKING DEPOSITS UNDER **SECTION 6603**; TREATMENT OF OTHER REMITTANCES

.01 In General.
(1) A taxpayer may make a deposit under **section 6603** by remitting to the Internal Revenue Service Center at which the taxpayer is required to file its return, or to the appropriate office at which the taxpayer's return is under examination, a check or a money order accompanied by a written statement designating the remittance as a deposit. The written statement also must include:
(a) The type(s) of tax;
(b) The tax year(s); and
(c) The statement described in section 7.02 identifying the amount of and basis for the disputable tax.
(2) Except as provided in sections 4.04(1) and 4.05(3), a remittance that is not designated as a deposit (an "undesignated remittance") will be treated as a payment and applied by the Service against any outstanding liability for taxes, penalties or interest. Undesignated remittances treated as payments will be applied to the earliest taxable year for which there is a liability, and will be applied first to tax, then penalties and finally to interest. An undesignated remittance treated as a payment of tax will be posted to the taxpayer's account as a payment upon receipt, or as soon as possible thereafter, and may be assessed, provided that assessment will not imperil a criminal investigation or prosecution. The amount of an undesignated remittance treated as a payment will be taken into account by the Service in determining the existence of a deficiency and whether a notice of deficiency is required to be issued.

.02 Treatment of deposits made during an examination upon the completion of such examination by the Service.
(1) Upon completion of an examination, if a taxpayer who has made a deposit executes a waiver of restrictions on assessment and collection of the deficiency or otherwise agrees to the full amount of the deficiency, an assessment will be made and any deposit will be applied against the assessed liability as a payment of tax as of the date the assessment was made. Interest on an underpayment for which a deposit is applied as a payment will be determined as provided under section 8. If the deposit satisfies the assessed liability, no notice of deficiency will be mailed and the taxpayer will not have the right to petition the Tax Court for a redetermination of the deficiency.
(2) Upon completion of an examination, if a taxpayer who has made a deposit does not execute a waiver of restrictions on assessment and collection or otherwise agree to the full amount of the deficiency, the Service will mail a notice of deficiency and the taxpayer will have the right to petition the Tax Court. The portion of the deposit that is not greater than the determined deficiency plus any interest that has accrued on that deficiency will be posted to the taxpayer's account as a payment of tax upon the expiration of the 90 or 150-day period during which assessment is stayed, unless the taxpayer files a petition with the Tax Court and requests in writing before the expiration of that period that the deposit continue to be treated as a deposit during the applicable Tax Court proceeding. If a petition is filed, but no written request is submitted to continue the treatment as a deposit before the expiration of the 90 or 150-day period, the tax will be assessed subject to the restrictions imposed by section 6213 and the deposit will be applied as payment of the tax upon the expiration of the 90 or 150-day period.

Interest on an underpayment for which a deposit is applied as a payment will be determined as provided under section 8.
(3) A taxpayer may elect to have a deposit that exceeds the amount of tax ultimately determined to be due applied against another assessed or unassessed liability. For example, a taxpayer under examination for several different years may request that a deposit made for one type of tax in one year be applied to another type of tax in another year. The request must be in writing and must be directed to the same office where the original deposit was made.

.03 Treatment of an undesignated remittance in the full amount of a proposed liability.
If an undesignated remittance is made in the full amount of a proposed liability, such as an amount proposed in a revenue agent's or examiner's report, the undesignated remittance will be treated as a payment of tax, a notice of deficiency will not be mailed and the taxpayer will not have the right to petition the Tax Court for a redetermination of the deficiency.

.04 Treatment of remittances that are made during an examination, but prior to the time the Service proposes a liability.
(1) Any undesignated remittance that is made while the taxpayer is under examination, but before a liability is proposed to the taxpayer in writing (e.g., before the issuance of a revenue agent's or examiner's report), will be treated by the Service as a deposit if the taxpayer has no outstanding liabilities. The taxpayer will be notified concerning the status of the remittance as a deposit, and may elect to have the deposit returned prior to the issuance of a revenue agent's or examiner's report.
(2) If the taxpayer leaves an undesignated remittance on deposit until completion of the examination, the Service will follow the procedures described in section 4.02.

.05 Post statutory notice remittances.
(1) An undesignated remittance made after the mailing of a notice of deficiency in complete or partial satisfaction of the deficiency will be considered a payment of tax, will be posted to the taxpayer's account as soon as possible, and will not deprive the Tax Court of jurisdiction over the deficiency.
(2) A remittance that is made before the decision of the Tax Court is final and specifically designated by the taxpayer in writing as a deposit, is not a substitute for a bond to stay assessment and collection described in section 7485.
(3) If the taxpayer has no other outstanding liabilities, an undesignated remittance made by the taxpayer after the date that the Tax Court files its decision in an amount that is greater than the amount of the deficiency determined by the Tax Court, plus any interest that has accrued on that amount at the remittance date, will be treated as a deposit, but only to the extent the amount of the remittance exceeds the amount of the deficiency determined by the Tax Court, plus interest. This excess amount will be treated as a deposit until sufficient information is obtained by the Service to apply the remittance to an outstanding liability or to determine that the amount of the remittance should be returned to the taxpayer. The amount that is less than or equal to the amount of the deficiency plus interest will be applied as a payment.

SECTION 5. DESIGNATING A DEPOSIT MADE UNDER **REV. PROC. 84-58** AS A DEPOSIT UNDER **SECTION 6603**

.01 Any portion of a deposit in the nature of a cash bond previously made pursuant to **Rev. Proc. 84-58** will not earn interest under **section 6603(d)**, unless the Service receives the written statement described in section 5.02 identifying the amount as a deposit under **section 6603**. Except as provided in section 10, the date that the Service receives the written statement will be treated as the date on which the amount is deposited for purposes of **section 6603(d)**.

.02 Taxpayers that desire to identify a deposit in the nature of a cash bond as a deposit eligible for interest under **section 6603(d)** must submit a written statement requesting this identification to the Internal Revenue Service Center or examining office to which the original deposit was remitted. The written statement also must include:
(1) The date(s) and amount(s) of the original deposit(s) in the nature of a cash bond;
(2) The type(s) of tax to which the deposit in the nature of a cash bond was applied;
(3) The tax year(s) to which the deposit in the nature of a cash bond was applied; and
(4) The statement described in section 7.02 identifying the amount of and basis for the disputable tax.

SECTION 6. REQUEST FOR RETURN OF A DEPOSIT MADE PURSUANT TO **SECTION 6603**

.01 A deposit made pursuant to **section 6603** is not subject to a claim for credit or refund as an overpayment until the deposit is applied by the Service as payment of an assessed tax of the taxpayer. A taxpayer may request the return of all or part of a deposit at any time before the Service has used the deposit for payment of a tax.

.02 Taxpayers that desire the Service to return a deposit must submit a written statement to the Internal Revenue Service Center or examining office to which the original deposit was remitted requesting that the deposit be returned. The written statement also must include:
(1) The date(s) and amount(s) of the original deposit(s);
(2) The type(s) of tax to which the deposit was intended to be applied; and
(3) The tax year(s) to which the deposit was intended to be applied.

.03 The deposit will be returned to the taxpayer and, to the extent the deposit is attributable to a disputable tax, interest determined using the Federal short-term rate provided under section 6621(b), compounded daily, for the period from the date of deposit to a date not more than 30 days preceding the date of the check paying the return of the deposit will be included.

SECTION 7. STATEMENT OF DISPUTABLE TAX

.01 Interest on a deposit under **section 6603(d)** will be allowed only to the extent that the deposit is attributable to a disputable tax. The amount and nature of the disputable tax must be identified

at the time the amount is remitted to the Service pursuant to section 4 or identified as a deposit under **section 6603** pursuant to section 5.

.02 Until further guidance is issued, taxpayers are permitted to use any reasonable method for calculating the amount of disputable tax for purposes of **section 6603(d)(2)**. To the extent that a taxpayer's calculation of a disputable tax exceeds the amount proposed as a deficiency in a 30-day letter issued to the taxpayer, or the taxpayer desires to remit a deposit prior to receiving a 30-day letter, the taxpayer must provide a written statement to the Service identifying and describing the amount of the disputable tax at the time the deposit is remitted. The written statement also must include:
(1) The taxpayer's calculation of the amount of disputable tax;
(2) A description of any item of income, gain, loss, deduction or credit for which the taxpayer has a reasonable basis for the treatment of the item on its return, and for which the taxpayer reasonably believes that the Service also has a reasonable basis for disallowing the taxpayer's treatment of the item; and
(3) The basis for the taxpayer's belief that it has a reasonable basis for the treatment of any item described in section 7.02(2) on its return and that the Secretary also has a reasonable basis for disallowing the taxpayer's treatment of such item.

.03 Taxpayers choosing to rely on the amount of a deficiency proposed in a 30-day letter as the amount of the disputable tax under **section 6603(d)(2)(B)** may, in lieu of the written statement described in section 7.02, provide a copy of the 30-day letter issued to the taxpayer.

.04 If a taxpayer fails to identify the amount and nature of the disputable tax in writing or provide a copy of the 30-day letter at the time of the deposit, the payment of interest will not be allowed if the deposit is later withdrawn by the taxpayer unless the taxpayer subsequently provides the Service a written statement identifying and describing the amount of the disputable tax. In such case, interest will be allowed on the deposit under **section 6603** as of the date on which the amount and nature of the disputable tax is identified.

SECTION 8. DETERMINATION OF UNDERPAYMENT INTEREST

The running of interest on an assessed tax liability satisfied by application of a remittance (whether the remittance initially was treated as a payment of tax or a deposit) will be suspended on the date the remittance is received by the Service, regardless of when the liability is assessed or the remittance is actually applied against the taxpayer's account. If a remittance that is held as a deposit is returned at the taxpayer's written request, with or without interest, and a deficiency is later assessed for that period and type of tax, the running of interest will not be suspended during the period for which the remittance was held as a deposit.

SECTION 9. EFFECT ON **REV. PROC. 84-58**

**Rev. Proc. 84-58** is superseded, effective with respect to remittances made on or after March 28, 2005.

SECTION 10. EFFECTIVE DATE

This revenue procedure is effective as of March 28, 2005. This revenue procedure applies to deposits made after October 22, 2004. In the case of a deposit that is made after October 22, 2004, and before March 28, 2005, the deposit will be treated as made on the date remitted for purposes of **section 6603(d)** if the taxpayer provides the written statement designating the amount as a deposit made pursuant to **section 6603** as provided under section 4.01 before May 27, 2005. In the case of an amount that was held as a deposit in the nature of a cash bond pursuant to **Rev. Proc. 84-58** on October 22, 2004, the deposit will be treated as made on October 23, 2004, for purposes of **section 6603(d)** if the taxpayer provides the written statement identifying the amount as a deposit made pursuant to **section 6603** as provided under section 5 before May 27, 2005.

SECTION 11. REQUEST FOR COMMENTS

The Service and Treasury invite interested persons to submit comments regarding rules and standards under **section 6603**. Comments may be submitted to CC:PA:LPD:PR (RP-163586-04), Room 5203, Internal Revenue Service, POB 7604, Ben Franklin Station, Washington, DC 20044. Submissions also may be hand delivered Monday through Friday between the hours of 8 a.m. and 4 p.m. to: CC:PA:LPD:PR (RP-163586-04), Courier's Desk, Internal Revenue Service, 1111 Constitution Avenue, NW, Washington DC. Alternatively, taxpayers may submit electronic comments directly to the IRS e-mail address: Notice.Comments @irscounsel.treas.gov.

SECTION 12. DRAFTING INFORMATION

The principal author of this revenue procedure is William M. Kostak of the Office of Associate Chief Counsel (Procedure and Administration). For further information regarding this revenue procedure, contact William M. Kostak at (202) 622-4910 (not a toll-free call).
Rev. Proc. 2005-18, 2005-13 I.R.B. 798, 2005 WL 580680 (IRS RPR)

END OF DOCUMENT